THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAWRENCE KATES,<br><br>Appellant,<br><br>v.<br><br>STAPLETON GROUP, INC., et al.,<br><br>Appellees. | CASE NO. C15-0595 JCC<br><br>ORDER AFFIRMING THE RULING OF THE BANKRUPTCY COURT |

This matter comes before the Court on appellant Lawrence Kates's opening brief appealing the Bankruptcy Court's order disallowing Appellant's post-confirmation claim (Dkt. No. 6). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby AFFIRMS the ruling of the Bankruptcy Court for the reasons explained herein.

Appellant is the debtor in a Chapter 11 bankruptcy case that began in 2009. (Dkt. No. 7-1 at 1.) In June 2010, the Bankruptcy Court confirmed Appellant's Chapter 11 plan of liquidation (the "Plan") and appointed the Stapleton Group, Inc. (the "Stapleton Group") as the plan administrator. (Dkt. Nos. 7-3 at 1 and 7-4 at 1.) The Plan and the accompanying Agreement for Plan Administration required the Stapleton Group to supervise Kates and to consult with a post-confirmation committee of unsecured creditors (the "PCC") regarding post-confirmation estate administration and asset liquidation. (Dkt. No. 7-7 at 6-8.) On November 6, 2014, Appellant filed a post-confirmation claim for five billion dollars against the Stapleton Group, the PCC and its

members, and a number of related parties. (Dkt. No. 7-34 at 1.) The Stapleton Group and the PCC objected to Appellant's post-confirmation claim, and Appellant responded. (Dkt. Nos. 7-35 at 1, 7-37 at 1, and 7-39 at 1.) The Bankruptcy Court then scheduled a hearing on the matter (Dkt. No. 7-43 at 3.) Appellees appeared at the hearing. (Dkt. Nos. 7-41 at 3.) Appellant did not. (Id. at 3, 8) At the hearing and in a subsequent order, the Bankruptcy Court disallowed Appellant's claim because he failed to satisfy his evidentiary burden and failed to appear at the hearing in violation of Local Bankruptcy Rule 9013-1(e)(1). (Dkt. Nos. 7-40 at 1-2, 7-41 at 8.) Appellant filed this appeal on March 11, 2015. (Dkt. No. 7-42 at 1.)

Local Bankruptcy Rule 9013-1(e)(1) states: "Failure to appear at the date and time appointed for hearing may be deemed by the court to be an admission that the motion, or the opposition to the motion, as the case may be, is without merit." Appellant does not dispute that he failed to appear at the hearing. Nor does he dispute that his failure to appear constituted an admission that his claim was meritless. The Court has examined the docket, and finds that Appellant was notified of the date of the hearing. (Dkt. No. 7-43 at 3.) The Court has also examined a transcript of the hearing, and finds that Appellant truly was not present. (Dkt. Nos. 7-41 at 3, 8). Because of these undisputed facts, the Court AFFIRMS the ruling of the Bankruptcy Court without reaching the issue of whether Appellant failed to satisfy his evidentiary burden.

Additionally, in his opening brief Appellant requests to have a Special Master appointed to his case, and to conduct a 2004 Examination. (Dkt. No. 6 at 4). The Court DENIES both of these requests, finding them entirely without merit.

For the foregoing reasons, the ruling of the Bankruptcy Court is AFFIRMED.

//
//
//
//
//

1   DATED this 18 day of September 2015.

                                             *(signature)*
                                             John C. Coughenour
                                             UNITED STATES DISTRICT JUDGE

ORDER AFFIRMING THE RULING OF THE
BANKRUPTCY COURT
PAGE - 3